IN THE UNITED STATES DISTRICT COURT
FOR THE EATERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN L. BOONE,

    Plaintiff,

v.                                    Civil Action No. 3:17cv668

CSX TRANSPORTATION, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Kevin Boone's NOTICE OF VOLUNTARY DISMISSAL OF COUNT II, OR ALTERNATIVELY, MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF COUNT II (ECF No. 3), PLAINTIFF'S MOTION TO WITHDRAW NOTICE & MOTION FOR VOLUNTARY DISMISSAL OF COUNT II (ECF No. 11), PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 9); and PLAINTIFF'S MOTION TO REMAND (ECF No. 5). For the reasons set forth below, Boone's NOTICE OF VOLUNTARY DISMISSAL OF COUNT II, OR ALTERNATIVELY, MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF COUNT II (ECF No. 3) will be stricken and denied as moot; PLAINTIFF'S MOTION TO WITHDRAW NOTICE & MOTION FOR VOLUNTARY DISMISSAL OF COUNT II (ECF No. 11) will be granted; PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 9) will be granted; and PLAINTIFF'S MOTION TO REMAND (ECF No. 5) will be granted.

**BACKGROUND**

This action involves, in essence, a negligence suit by Kevin Boone against CSX Transportation ("CSX") for an accident involving a CSX train and a vehicle in which Boone was a passenger. On September 15, 2015,[1] Boone was a passenger in a Ford van travelling north on Industrial Drive in Caroline County, Virginia. Pl.'s Compl. 2 (ECF No. 1-1). CSX employees had stopped one of its trains at a railroad crossing on Industrial Drive, in order to conduct a brake check. As a result, the railroad crossing was fully blocked. Pl.'s Compl. 2. The train car blocking Industrial Drive was not illuminated in any way. The CSX employees did not do anything to warn motorists of the obstruction. The CSX employees had done nothing to protect the railroad crossing. Pl.'s Compl. 2-3. The vehicle in which Boone was travelling struck the railroad car that was blocking Industrial Drive, and Boone was injured. Pl.'s Compl. 2, 4.

**PROCEDURAL HISTORY**

On September 6, 2017, Boone asserted two claims in the Circuit Court for the City of Richmond. Pl.'s Compl. 1-7; Summons (ECF No. 1-1). First, he raised a basic negligence

---

[1] The Complaint states that the date was 2105, but that is unlikely. See Pl.'s Compl. 2.

2

claim. Pl.'s Compl. 1-6. Second, he alleged negligence per se based on CSX's failure to comply with Va. Code § 56-412.1. Pl.'s Compl. 6-7. On September 29, 2017, CSX served a demurrer as to both claims. Def.'s Demurrer 1-2 (ECF No. 1-2). On October 3, 2017, however, CSX filed a NOTICE OF REMOVAL in this Court on the ground that Boone's negligence per se claim (Count II) involves a statute that is completely preempted by the federal Interstate Commerce Commission Termination Act ("ICCTA") and therefore raises a federal question. Def.'s Notice of Removal 2-3 (ECF No. 1).

On October 12, 2017, Boone sought to dismiss Count II, the (preempted) negligence per se claim, pursuant to Fed. R. Civ. P. 41(a). Pl.'s Mem. in Supp. of Pl.'s Mot. for Voluntary Dismissal Without Prejudice of Count II of Pl.'s Compl. 1 (ECF No. 4) ("Pl.'s Dismissal Br."]. Boone also moved to remand to state court on October 16, 2017 on the ground that, if Count II were dismissed, the Court would lack subject matter jurisdiction. Mem. in Supp. of Pl.'s Motions in Limine [sic] 1-2 (ECF No. 5) ("Pl.'s Remand Br."). On October 31, 2017, after CSX responded to Boone's notice/motion to dismiss Count II and after he apparently realized that Rule 41(a) was an improper procedural vehicle, Boone moved to withdraw this notice/motion. Mem. in Supp. of Mot. to Withdraw Notice & Mot. for Voluntary Dismissal of Count II 1-2 (ECF No. 12) ("Pl.'s Withdrawal Br.").

On the same day (filed earlier), Boone moved to amend the Complaint under Rule 15(a)(2) to omit Count II. See Mem. in Supp. of Pl.'s Mot. to Amend Compl. 2 (ECF No. 10) ("Pl.'s Amendment Br.")

## DISCUSSION

A. **Plaintiff's Notice of Dismissal/Motion to Dismiss and Plaintiff's Motion to Withdraw These Documents**

1. **Federal Rule of Civil Procedure 41**

Plaintiff originally sought to dismiss Count II under Rule 41(a). The Rule provides:

(a) **Voluntary Dismissal.**

>  (1) *By the Plaintiff.*
>
>> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>
>> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

CSX convincingly argues that Rule 41(a) allows dismissal of entire "actions," not individual claims. Def.'s Dismissal Opp'n 2-3. This view appears to align with the weight of authority. See Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) ("Because Rule 41(a)(2) provides for the dismissal of 'actions' rather than claims, it can be argued that Rule 15 is technically the proper vehicle to accomplish a partial dismissal of a single claim."); Skinner v. First Am. Bank of Va., 64 F.3d 659, at *2 (4th Cir. 1995) (per curiam) (table) ("Because Rule 41 provides for the dismissal of actions, rather than claims, Rule 15 is technically the proper vehicle to accomplish a partial dismissal."); Martin v. MCAP Christiansburg LLC, 7:14-cv-464, 2015 WL 540183, at *2 (W.D. Va. Feb. 10, 2015); Cox v. Cawley, 3:11-cv-557, 2011 WL 4828890, at *2-3 (E.D. Va. Oct. 11, 2011); Keck v. Virginia, 3:10-cv-555, 2011 WL 2708357, at *3 (E.D. Va. July 12, 2011); see also Taylor v. Brown, 787 F.3d

851, 857-58 (7th Cir. 2015); Bailey v. Shell W. E&P, Inc., 609 F.3d 710, 720 (5th Cir. 2010); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-88 (9th Cir. 2005); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004).

Plaintiff seeks to dismiss less than his entire action. Thus, plaintiff's motion to withdraw notwithstanding, his notice of dismissal under Rule 41(a)(1)(i) and motion to dismiss under Rule 41(a)(2) are not supported by the law.

## 2. Motion to Withdraw

Ordinarily, a party cannot withdraw a notice of dismissal under Rule 41(a)(1)(i) because the notice, once filed, is self-executing and terminates the litigation without any intervention from the district court. See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993); Great Am. Ins. Co. of N.Y. v. Day, DKC 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013); Buzzell v. Wallins, 3:09-cv-795, 2010 WL 2399685, at *1-2 (E.D. Va. June 15, 2010); Shlikas v. Wake Forest Univ., 1:97-cv-1188, 1999 WL 1939241, at *2 (M.D.N.C. May 26, 1999) see also Luv N' Care, Ltd. v. Jackel Int'l Ltd., 13-1565, 2013 WL 5726052, at *1 (W.D. La. Oct. 21, 2013); 8-41 Moore's Federal Practice – Civil § 41.33. Courts appear not to treat a notice of dismissal under Rule 41(a)(1)(i) as effective, however, where it seeks a partial dismissal. See Berthold Types

Ltd. v. Adobe Sys. Inc., 242 F.3d 772, 776-77 (7th Cir. 2001); EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky., 12-58, 2012 WL 3644968, at *1, 4 (E.D. Ky. Aug. 24, 2012); Metcalf v. Countrywide Fin. Corp., C-09-2707, 2009 WL 2485750, at *1-2 (E.D. Cal. Aug. 11, 2009); Galvatubing, Inc. v. Commonwealth Tube Enters., LLC, 1:09-cv-3, 2009 WL 962254, at *1, 4 (W.D.N.C. Apr. 7, 2009); Moss v. Mackey, 1:07-cv-135, 2007 WL 1686931, at *1 (W.D.N.C. June 11, 2007); see also Bailey, 609 F.3d at 719-20.

Accordingly, the Court may allow plaintiff to withdraw, i.e., strike, his notice of dismissal. Whether to do so is a matter within the discretion of the Court. And, because the Court could not grant the Rule 41(a) motion, the Court will exercise its discretion and grant the PLAINTIFF'S MOTION TO WITHDRAW NOTICE & MOTION FOR VOLUNTARY DISMISSAL OF COUNT II (ECF No. 11).

**B. Plaintiff's Motion to Amend**

   **1. Federal Rule of Civil Procedure 15(a)**

Alternatively, Plaintiff seeks to amend his Complaint to omit Count II under Fed. R. Civ. P. 15(a). The Rule states:

> **(a) Amendments Before Trial.**
>
> *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

>       (A)   21 days after serving it, or
>
>       (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
>    *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Boone argues that amendment should be permitted under Rule 15(a)(2).

### 2. Amendment with the Court's Leave

Rule 15(a)(2) standards have been described in the following way:

> Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts should freely give leave when justice so requires." "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Djenasevic v. Dep't of Justice, No. 16-6085, 2016 WL 4120669, at *1 (4th Cir. Aug. 3, 2016) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Mullins v. Wells Fargo Bank, N.A., 3:16-cv-841, 2017 WL 1202656, at *3 (E.D. Va. Mar. 30, 2017); see also Foman v. Davis, 371

U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Boone's motion to amend is unopposed, although he represents that CSX has not given its consent. That, however, does not change the fact CSX has not opposed the motion.

As to the relevant factors, there is no undue delay because the motion to amend was filed within the first two months of litigation. In any case, "[i]t is well established in this circuit that '[d]elay alone, without prejudice, does not support the denial of a motion for leave to amend.'" Pittston Co. v. United States, 199 F.3d 694, 706 (4th Cir. 1999). And because the motion is unopposed, defendant has not shared any reason why it might be prejudiced by the amendment. Furthermore, there have been no previous amendments.

The only question, then, is bad faith. Generally, it is not "bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court." See Williams, 2015 WL 4506806, at *3 (citations omitted); see also Verbal v. Giant of Md., LLC, 204 F. Supp. 3d 837, 841 (D. Md. 2016); Morris v. Joe Gibson Auto., Inc., 7:08-1739, 2008 WL 2805000, at

*1 (D.S.C. July 9, 2008); Henry v. UBS Prod. Support Ctr., Inc., 1:08-cv-123, 2008 WL 5378321, at *5, 8 (N.D. W. Va. Dec. 24, 2008). But see Evans v. Groom, 7:17-cv-4, 2017 WL 2779645, at *2 (E.D.N.C. June 26, 2017) (suggesting that amending to deprive the court of jurisdiction constitutes bad faith).

Moreover, the Fourth Circuit has upheld a district court's grant of leave to amend where the plaintiff sought to omit all federal claims, stating that, "[w]hile Harless clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings. Her counsel candidly represented to the Court that, in drafting the Complaint, he never intended to allege a federal claim." See Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004). Here, although it is clear that the motion to amend is largely for the purpose of seeking remand to Virginia state court, there are also "substantive reasons" for it. See Harless, 389 F.3d at 448. Boone asserts that he is amending to respond to the arguments in the demurrer that his negligence per se claim "is not a viable cause of action." Amendment Br. 2-3. These reasons for requesting amendment seem to be much more meritorious than those accepted by the Fourth Circuit in Harless, in which the plaintiff merely wanted to omit federal claims because they were raised unintentionally. See Harless, 389 F.3d at 448.

10

In light of the foregoing, PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 9) will be granted and the Clerk shall immediately file the proffered amendment.

C. **Plaintiff's Motion for Remand**

Boone next argues that if Count II is eliminated, the Court should remand the case to state court because the sole basis for federal question removal jurisdiction would be eliminated. Pl.'s Remand Br. 1-2.

1. **Supplemental Jurisdiction and Remand**

As the Fourth Circuit has held, once a post-removal amendment has eliminated federal claims and therefore only state claims (and supplemental jurisdiction) remain, "the Court has the discretion to remand the case to the state court in which the action was initially filed." See Harless, 389 F.3d at 448; see also Haymaker v. Frederick, 3:15-cv-52, 2015 WL 9244646, at *3 (W.D. Va. Dec. 15, 2015); Asheville Downtown Holdings, Ltd. v. TD Bank, N.A., 1:13-cv-135, 2014 WL 712597, at *1-2 (W.D.N.C. Feb. 25, 2014); Green v. Balt. City Police Dep't, 10-3216, 2011 WL 335868, at *1 (D. Md. Jan. 31, 2011); Henry, 2008 WL 5378321, at *5, 8.

Indeed, this is explicitly provided for in 28 U.S.C. § 1367 which states: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)

if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (emphasis added); see also Henry, 2008 WL 5378321, at *7-8.

Although remand is discretionary, there are several factors that guide the analysis. Specifically, these include the "principles of economy, convenience, fairness and comity." Henry, 2008 WL 5378321, at *8 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)); see also Hinson v. Nw. Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). The Court should also consider "[i]f the plaintiff has attempted to manipulate the forum." Cohill, 484 U.S. at 357; see also Hinson, 239 F.3d at 617. This final factor is not particularly rigorous, however, as the Harless court upheld the district court's grant of remand even though the plaintiff "clearly wanted to avoid federal court" and amended the complaint in part to achieve that result. See Harless, 389 F.3d at 448, 450.

Additionally, there is a strong preference for remand when all federal claims have been dismissed. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 196 (4th Cir. 2002); see also United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). This is especially true when the federal claims are dismissed shortly after removal. See Dunlevy v. Couoiilin, 2:15-cv-347, 2016 WL 595300, at *4 (E.D. Va. Feb. 10, 2016); Haymaker, 2015 WL 9244646, at *3; Payman v. Lee Cty. Cmty. Hosp., 388 F. Supp. 2d 679, 682 (W.D. Va. 2004). And when evaluating the factors enumerated above, where "dismissal of the federal claim occurs early in the pre-trial period, concerns of fairness and judicial economy are less likely to be significant, and concerns of comity and federalism are more likely to predominate and counsel against retaining jurisdiction." Dunlevy, 2016 WL 595300, at *4.

Applying these standards here, remand is appropriate. As to economy, this factor adds little to the analysis because the proceedings are at such an early stage (defendant has not even filed an answer). Minimal work has been done in either Virginia state court or this Court as to the issues in this matter. There would be little cost, moreover, to this case being litigated in state court. And because Virginia courts are best positioned evaluate Virginia law, remand may be the most efficient option.

As to convenience, a similar analysis applies. Little cost has been expended, and there would be no major difference in convenience between this Court and Virginia state court. As to

13

fairness, because the proceedings are at such an early stage, neither party would be prejudiced by remand.

As to comity, given that there is only a Virginia state claim remaining, this factor counsels in favor of remand. This is because "the primary responsibility for developing and applying state law rests with state courts." Dunlevy, 2016 WL 595300, at *4.

The final factor, whether the plaintiff has attempted to manipulate the forum, applies but does not affect the outcome. It is clear that plaintiff wants to return to state court. However, as in Harless, plaintiff has other reasons for dismissing his federal claim. See Harless, 389 F.3d at 448. Furthermore, given that plaintiff's suit reached this Court only by way of preemption-based removal, i.e., plaintiff did not specifically plead a federal cause of action, it is probable that, as in Harless, plaintiff did not "intend" to raise a federal claim. See Harless, 389 F.3d at 448. Accordingly, plaintiff's "manipulation" is not severe enough to counter the other factors.

In short, the factors above favor remand. And granting remand is further supported by the Fourth Circuit's preference for remanding a case when all federal claims have been dismissed early in the action. The PLAINTIFF'S MOTION TO REMAND (ECF No. 5) will be granted.

## CONCLUSION

For the foregoing reasons, Boone's NOTICE OF VOLUNTARY DISMISSAL OF COUNT II, OR ALTERNATIVELY, MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF COUNT II (ECF No. 3) will be stricken and denied as moot; PLAINTIFF'S MOTION TO WITHDRAW NOTICE & MOTION FOR VOLUNTARY DISMISSAL OF COUNT II (ECF No. 11) will be granted; PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 9) will be granted; and PLAINTIFF'S MOTION TO REMAND (ECF No. 5) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 13, 2018